IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA,**

      Plaintiff,

  v.

**ERIC LEIGHTON SCULLY,**

      Defendant.

No. 6:16-cr-00153-MC-01

OPINION AND ORDER

**MCSHANE, Judge**:

Defendant Eric Leighton Scully moves for compassionate release because of the rapidly evolving COVID-19 pandemic. Because Mr. Scully is no longer a danger to the community, Mr. Scully's Motion and Memorandum in Support of Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 37, is GRANTED.

## LEGAL STANDARD

Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate relief after exhausting all administrative remedies. The Court may reduce a defendant's sentence if:

  (i) extraordinary and compelling reasons warrant such a reduction; or

  (ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

  and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The pertinent policy statement for sentence reductions related to medical ailments is found at U.S.S.G. § 1B1.13. "Circumstances that may present extraordinary and compelling reasons to reduce a defendant's sentence include a 'terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)' or 'a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover.'" *United States v. Bunnell*, No. CR1400119001PHXDGC, 2019 WL 6114599, at *1 (D. Ariz. Nov. 18, 2019) (quoting U.S.S.G. § 1B1.13, Application Note 1). The Court is "not constrained by the [Bureau of Prisons ("BOP")] Director's determination of what constitutes extraordinary and compelling reasons for a sentence reduction." *United States v. Joling*, No. 6:11-CR-60131-AA, 2020 WL 1903280, at *3 (D. Or. Apr. 17, 2020) (quotation omitted). If the Court determines that extraordinary and compelling reasons exist, the Court then determines whether the defendant is still a danger to the community by consulting the factors listed at 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

The Court may therefore reduce Mr. Scully's sentence under the First Step Act if it determines the existence of extraordinary and compelling reasons and that Mr. Scully is no longer a danger to the community. *Bunnell*, 2019 WL 6114599, at *1.

## **DISCUSSION**

Mr. Scully is serving a 78-month sentence and has a projected release date of December 31, 2023. Def.'s Mot. to Reduce Sentence 2, ECF No. 46. Mr. Scully is serving his prison term in FCI Lompoc, which at one point had the highest rate of COVID-19 infection of any Bureau of Prison facility in the United States. *See generally COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/. Mr. Scully is also only 36 years old, is a cancer

survivor, and suffers from non-allergic asthma. *See* Def.'s Mot. for Compassionate Release 4, ECF No. 37; Pre-Sentence Report ("PSR") ¶ 52, ECF No. 22. The Court also agrees with Mr. Scully that his sentence is more severe because of the ongoing COVID-19 pandemic. *See* Reply to Gov's Resp. 5–7, ECF No. 49 (explaining how the COVID-19 pandemic made Mr. Scully's sentence more severe). Mr. Scully has thus met the "extraordinary and compelling reasons" criteria. U.S.S.G. § 1B1.13, cmt. n.1(B).

Mr. Scully has also shown that he is no longer a danger to the community. When assessing whether a defendant remains a danger to the community, the Policy Statement from U.S.S.G. § 1B1.13 directs the Court to consult the factors listed in 18 U.S.C. § 3142(g), which include: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including their physical and mental condition, past conduct, history relating to drug or alcohol abuse, criminal history; (4) and whether, at the time of the current offense, the person was on probation, on parole, or on other release pending completion of a sentence. *See United States v. Spears*, Case No. 98-cr-0208-SI-22, 2019 WL 5190877, at *5 (D. Or. Oct. 15, 2019).

In 2016, Mr. Sully was convicted of money laundering relating to his distribution of marijuana in Eugene between 2012 to 2014. *See United States v. Scully*, 6:16-cr-00153-MC-01, ECF No. 39. This Court sentenced Mr. Scully to a 90-day prison sentence followed by three years of supervised release. *Id.* While incarcerated, Mr. Scully orchestrated another illegal marijuana grow. This time, Mr. Scully began "distilling marijuana into butane honey oil [("BHO")] using a large, sophisticated, and unlicensed extraction operation." Resp. to Def.'s Mot. for Compassionate Release 2, ECF No. 39; *see also* PSR ¶¶ 14–17. While on supervised release in 2017, the illegal

3 – OPINION AND ORDER

grow caught fire because of the BHO extraction process. PSR ¶¶ 14–15. Mr. Scully was the only individual injured. PSR ¶ 14.

But even though Mr. Scully committed his current offense while on supervised release, the Court agrees that "the offenses in this case, while serious, are marked by several characteristic that favor a sentence reduction." Reply to Gov's Resp. 17. While the Government insinuates that Mr. Scully's offense was violent, that is not entirely accurate. Mr. Scully's offense involved no firearms and the explosion, while dangerous, was accidental. The Court also noted Mr. Scully's positive performance in pretrial custody by allowing him to voluntarily surrender and recommended that he serve his sentence at Sheridan Camp, participate in the DAP program, and be allowed maximum time at a halfway house. J. & Commitment 2, ECF No. 34. Ultimately, "the sentence [Mr. Scully] has served has undoubtedly been harsher than the one originally contemplated at the time of sentencing. *United States v. Olawoye*, No. 1:15-CR-00172-AA-5, 2020 WL 4559816, at *5 (D. Or. Aug. 7, 2020). Of note, at the time of sentencing the Court commended Mr. Scully on his pretrial performance, on his remorse for his actions, and on his shift away from criminal thinking. To put it bluntly, Mr. Scully had a remarkable and sincere attitude adjustment when contrasted to the original interactions with this Court.

The Court also agrees with Mr. Scully that his proposed release plan will negate any concerns the Court may have had with reducing Mr. Scully's sentence. The Court therefore finds that Mr. Scully is no longer a danger to the community.

## **CONCLUSION**

Mr. Scully's Motion and Memorandum in Support of Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 37, is GRANTED. Mr. Scully's sentence of imprisonment is reduced to time served, effective 72 hours after the issuance of this order, if the BOP has

determined that Mr. Scully is COVID-19 negative. If the BOP cannot make the determination by that date, the Government must notify the Court without delay. The term of imprisonment will be followed by a five-year term of supervised release, which will include home confinement for the remainder of his original sentence, along with the conditions set forth in the original judgment. And as part of his supervised release, Mr. Scully will be permitted to reside at a reentry center for up to 120 days.

The Court finds that Mr. Scully has demonstrated extraordinary and compelling reasons and that his release under this order will not pose a danger to any other person or the community. This sentence reduction thus reflects the currently applicable U.S. Sentencing Commission policy statements.

IT IS HEREBY ORDERED that Defendant will be released 72 hours after the issuance of this order, for travel to his mother's residence in Salem, Oregon, pending placement in a residential reentry center, if the BOP has determined that Mr. Scully is COVID-19 negative. If the BOP cannot make the determination by that date, the Government will notify the Court without delay. Mr. Scully will be allowed to reside at the reentry center for up to 120 days,

IT IS FURTHER ORDERED that an amended judgment and commitment order will be prepared and entered immediately in accordance with this decision.

IT IS SO ORDERED.

DATED this 29th day of March, 2021.

                                                       __s/Michael J. McShane_____
                                                       Michael J. McShane
                                                       United States District Judge